IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| PHEASANT COURT WINERY,<br><br>    Plaintiff,<br><br>vs.<br><br>MARY MOSIMAN, Director Of The Iowa Department Of Revenue, STEPHEN LARSON, Administrator Of The Iowa Alcoholic Beverages Division, BRENNA BIRD, Attorney General Of Iowa, STEPHAN K. BAYENS, Commissioner Of The Iowa Department Of Public Safety,<br><br>    Defendants. | CASE NO.<br><br><br><br>**COMPLAINT**<br><br>**42 U.S.C. § 1983**<br>**(COMMERCE CLAUSE)** |

## INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging the constitutionality of Iowa laws, rules, and practices that allow in-state wine producers to self-distribute their products directly to Iowa retailers without using a separate wholesaler but prohibit out-of-state wine producers from doing so. Plaintiff seeks a declaratory judgment that this scheme discriminates against out-of-state wine producers in violation of the dormant Commerce Clause. Plaintiff seeks an injunction prohibiting Iowa state officials from enforcing the ban and requiring them to permit out-of-state wine producers to self-distribute their products to Iowa retailers upon terms equivalent to those given to in-state producers.

## JURISDICTION

1. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the

violation of rights and privileges under the United States Constitution.

2. The Court has the authority to grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PLAINTIFFS

3. Pheasant Court Winery operates a winery in Philomath, Oregon under the name of Pheasant Court Winery. It Is licensed as a winery by the State of Oregon and the federal Alcohol and Tobacco Tax and Trade Bureau. It produces 300 cases of wine annually and sells it to consumers and retailers. It seeks to distribute its wine directly to retailers, restaurants, and bars in Iowa.

## DEFENDANTS

4. Mary Mosiman is the Director of the Iowa Department of Revenue. Her office is responsible for enforcing Iowa's alcoholic beverage laws, including those related to licensing, distribution, and sale of wine, pursuant to the authority given by I.C. § 123.4.

5. Stephen Larson is the Administrator of the Alcoholic Beverages Division of Iowa Department of Revenue. His office administers and enforces Iowa's alcoholic beverage laws, pursuant to the authority delegated by Director Mosiman.

6. Brenna Bird is the Attorney General of Iowa. She is authorized to enforce Iowa alcohol laws in state court under I.C. § 13.2, and in federal court under 27 U.S.C. 122a.

7. Stephan K. Bayens is the Commissioner of the Iowa Department of Public Safety. His office is responsible for alcoholic beverage control law enforcement in the state pursuant to I.C.§ 80.5 and 123.14.

8. The defendants are sued in their official capacities for injunctive relief.

## Commerce Clause Violation

9. Plaintiff repeats and re-alleges paragraphs 1-10 as if fully set out herein.

10. Iowa Code §123.175(2)(c) authorizes the issuance of a class "A" wine manufacturing permit to operate a winery if the applicant is a citizen of Iowa for a fee of $750.00.

11. Iowa Code §123.175(2)(b) authorizes the issuance of a class "A" license only if the applicant is a person of good moral character. Under Iowa Code §123.3(4), a person may qualify as being of good moral character only if they are a resident of Iowa.

12. Iowa Code §123.173(2) requires that all class "A" premises be located in Iowa.

13. Iowa Code §123.176 reduces the fee for a class "A" wine manufacturing license to $100.00 if the applicant is a citizen of Iowa, a resident of Iowa, has premises in Iowa, and processes native fruit.

14. Iowa Code §§123.173(2) and 123.177 authorize the holders of Iowa class "A" wine manufacturing licenses to act as their own wholesalers and self-distribute their wine to retailers in the state.

15. There are approximately 100 commercial wineries in Iowa holding class "A" licenses.

16. Self-distribution costs a wine producer less than distribution through a third-party wholesaler and gives the producer control over the cost to retailers and the delivery schedule.

17. Self-distribution ensures that an Iowa wine producer can distribute its products to retailers state-wide even if it cannot find a wholesaler willing to carry its wine, and without interruptions caused by third-party wholesaler decisions about carrying, marketing and pricing the wine.

18. Some Iowa wine producers have exercised this wholesale privilege and self-distribute their wine to retailers, restaurants, and bars in Iowa.

19. Pheasant Court Winery is located in the State of Oregon and is licensed as a wine manufacturer. It is not eligible for an Iowa class "A" license because it is not located in Iowa, the owner is not an Iowa citizen and resident, and its processing facilities are not located in Iowa.

20. No other Iowa license or permit is available to Pheasant Court Winery that would allow them to self-distribute their wine from their out-of-state premises to retailers, restaurants, and bars in Iowa without using a third-party wholesaler.

21. Without an Iowa class "A" license or its equivalent, it is unlawful for Pheasant Court Winery or any other out-of-state winery to self-distribute their wine to Iowa retailers under Iowa Code §§123.2 and 123.171(1). Both the seller and buyer may be charged with a crime under §§123.50, 123.59, and 123.90.

22. Any criminal conduct on the part of Pheasant Court Winery subjects it to the denial, suspension, revocation, or nonrenewal of its winery license under Oregon laws.

23. Wholesalers charge fees to distribute wine, so the use of a separate third-party wholesaler raises the cost of wine to the purchaser and reduces the profit to the manufacturer.

24. Pheasant Court Winery has lost profits and the opportunity to expand their businesses because of the ban on direct self-distribution to Iowa retailers.

25. Because Iowa wine producers can self-distribute their wine to Iowa retailers without incurring the cost of using a separate third-party wholesaler, they have a competitive advantage over similarly situated wine producers from other states, including Pheasant Court Winery.

26. Wine purchased directly from the producer has economic and business advantages including avoiding the wholesaler cost markup, eliminating the risk that the wholesaler will carry an insufficient stock of wine, facilitating direct communication with the winery concerning supply issues, and ensuring that the wine will be properly handled and refrigerated between the winery and the retailer.

27 Pheasant Court Winery would distribute their wine directly to Iowa retailers, restaurants, and bars if permitted to do so.

28. Pheasant Court Winery would obtain an Iowa class "A" license or its equivalent if one were available and would submit records, remit taxes on wine distributed to retailers in the state, and comply with other non-discriminatory state regulations.

29. The prohibition against self-distribution by out-of-state wine producers discriminates against out-of-state entities, protects the economic interests of Iowa wholesalers, and shields Iowa wineries from interstate competition in violation of the Commerce Clause of the United States Constitution.

30. The prohibition against self-distribution by out-of-state wine producers to licensed Iowa retailers advances no public health or safety purpose that could not be served by other nondiscriminatory alternatives and therefore is not protected by the Twenty-first Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

A. Judgment declaring that the provision in Iowa Code §123.175(2)(c) that class "A" wine manufacturer licenses may be issued only to applicants who are citizens of the state of

Iowa is unconstitutional under the Commerce Clause.

B. Judgment declaring the provision in Iowa Code §123.3(40) that only a resident of Iowa can qualify as a person of good moral character for license-eligibility purposes is unconstitutional under the Commerce Clause.

C. Judgment declaring that the provision in Iowa Code §123.173(c) requiring that all class "A" premises shall be located within the state of Iowa is unconstitutional under the Commerce Clause.

D. Judgment declaring that the provision in Iowa Code §123.176(9) that class "A" native wine manufacturing licenses may be issued only to persons who process the wine in Iowa is unconstitutional under the Commerce Clause.

E. An injunction prohibiting defendants from enforcing the residency restrictions in Iowa Code §123.3(40), 123.173(c), 123.175(c) and 176(9).

F. An injunction requiring the defendants to take applications for and issue class "A" wine licenses or their equivalent to wine manufacturers located outside Iowa that allow them to sell and distribute their wine directly to Iowa retailers.

G. An injunction prohibiting the defendants from interfering with or preventing wine sales and deliveries directly to an Iowa retail establishment from any out-of-state winery that has applied for an Iowa class "A" permit, or from charging the winery or retailer with a violation of law under Iowa Code §§123.2, 123.171(1), and 123.30(3).

H. Plaintiff does not request that the defendants be enjoined from enforcing the ban on self-distribution against a winery that has not applied for an Iowa permit.

I. Plaintiff does not request that the State of Iowa be enjoined from collecting any taxes due on wine sold directly from a producer to a retailer.

J. An award of attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

K. Such other relief as the Court deems appropriate.

/s/ Thomas J. Duff
THOMAS J. DUFF
DUFF LAW FIRM, P.L.C
The Galleria
4090 Weston Parkway, Suite 102
West Des Moines, Iowa 50266
515-224-4999
tom@tdufflaw.com

/s/ Robert D. Epstein,
Indiana Bar No. 6726-49
rdepstein@aol.com

/s/James A. Tanford,
Indiana Attorney No. 16982-53
tanford@indiana.edu

/s/ Joseph A. Beutel,
Indiana Attorney No.
joe@beutellaw.com
EPSTEIN SEIF PORTER & BEUTEL
50 S. Meridian St., Suite 505
Indianapolis, IN 46204-3530
317-639-1326
**ATTORNEYS FOR PLAINTIFF
PHEASANT COURT WINERY**

ORIGINAL ELECTRONICALLY FILED.