IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| BUCKEL FAMILY WINE LLC,<br><br>    Plaintiff,<br>v.<br><br>MARY MOSIMAN, Director of Iowa Department of Revenue, STEPHEN LARSON, Director of Iowa Alcoholic Beverages Division, BRENNA BIRD, Attorney General of State of Iowa, STEPHAN K. BAYENS, Commissioner of Iowa Department of Public Safety,<br><br>    Defendants. | No. 4:23-cv-00256-RGE-WPK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS |

Plaintiff Buckel Family Wine LLC is a Colorado-based winery that sought relief from various Iowa laws pertaining to selling wine in Iowa. *See* Am. Compl., ECF No. 24. Buckel and Defendants subsequently filed cross motions for summary judgment. Pl.'s Mot. Summ. J., ECF No. 30; Defs.' Consol. Mot. Summ. J. and Resist. Pl.'s Mot. Summ. J., ECF No. 35. Defendants argued Buckel lacked standing to challenge certain Iowa laws and Buckel agreed. Defs.' Consol. Br. Supp. Mot. Summ. J. and Resist. Pl.'s Mot. Summ. J. 13, ECF No. 35-1; Pl.'s Consol. Br. Resist. Defs.' Mot. Summ. J. and Reply Supp. Pl.'s Mot. Summ. J. 4, ECF No. 36. Buckel, however, did not specify which laws it was no longer challenging. In a prior order, the Court granted Defendants' motion for summary judgment in part based on Buckel's concession. Order Grant. Pl.'s Mot. Summ. J. Part Grant. Defs.' Mot. Summ J. Part Deny. Defs.' Mot. Summ. J. Part 3–4, ECF No. 42. The Court further held Iowa Code § 123.173(2) violated the dormant Commerce Clause and was thus unconstitutional. *See generally id.* The order did not address Iowa Code § 123.176(9)—concerning class "A" native wine manufacturing licenses—because Buckel did not

move for summary judgment on this section and did not address whether it conceded arguments relating to it. *Id.* at 4. The Court gave Buckel ten days after the filing of the order to address the status of its claim regarding this code section. *Id.* at 4, 23.

Buckel filed a document nine days later titled "Plaintiff's Notice Concerning Its Claim That Iowa Code § 123.176(9) May Be Unconstitutional." ECF No. 43. There, Buckel states it "did not seek summary judgment on this specific claim and is no longer pursuing it." *Id.* at 1. Buckel further writes "Plaintiff is not pursuing the claim that native wine provision in § 123.176(9) is unconstitutional and agrees that the Court's judgment disposes of all claims involved in the lawsuit." *Id.* at 2.

The Eighth Circuit has held it is "the substance of a motion rather than the form of a motion [that] is controlling." *Nordgren v. Hennepin Cnty.*, 96 F.4th 1072, 1077 (8th Cir. 2024) (alteration in original) (quoting *BBCA, Inc. v. United States*, 954 F.2d 1429, 1431–32 (8th Cir. 1992)); *see also United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020) (finding a post-judgment motion challenging the defendant's classification as a career offender "was still a challenge to his sentence" and "should be treated as a § 2255 motion" because it "fit[] the description of a motion to vacate, set aside, or correct a sentence"). The Court finds Buckel's filing is substantively a motion to dismiss its claim concerning the constitutionality of Iowa Code § 123.176(9). The Court grants this motion.

Accordingly,

**IT IS ORDERED** that Buckel Family Wine LLC's motion to dismiss its claim concerning Iowa Code § 123.176(9), ECF No. 43, is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2024.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

2