IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| BUCKEL FAMILY WINE LLC,<br><br>  Plaintiff,<br>v.<br><br>MARY MOSIMAN, Director of Iowa Department of Revenue, STEPHEN LARSON, Director of Iowa Alcoholic Beverages Division, BRENNA BIRD, Attorney General of State of Iowa, STEPHAN K. BAYENS, Commissioner of Iowa Department of Public Safety,<br><br>  Defendants. | No. 4:23-cv-00256-RGE-WPK<br><br><br>ORDER RE: MOTION FOR ATTORNEYS' FEES AND EXPENSES |

## I. INTRODUCTION

Now before the Court is Plaintiff Buckel Family Wine LLC's Motion for Attorneys' Fees and Expenses. ECF No. 45.

Buckel was not the original plaintiff in this case. *See* Compl., ECF No. 1. Instead, Pheasant Court Winery originally brought this action. *Id.* On December 1, 2023, Pheasant Court voluntarily terminated its participation in the case via an amended complaint, and Buckel became the plaintiff. *See* Am. Compl., ECF No. 24. Buckel, as the new plaintiff, sought relief from various Iowa laws pertaining to selling wine in Iowa. *Id.* Buckel and Defendants subsequently filed cross motions for summary judgment. Pl.'s Mot. Summ. J., ECF No. 30; Defs.' Consol. Mot. Summ. J. and Resist. Pl.'s Mot. Summ. J., ECF No. 35. The Court ruled partially in Buckel's favor and held Iowa Code § 123.173(2) violated the dormant Commerce Clause and was thus unconstitutional. *See generally* Order Grant. Pl.'s Mot. Summ. J. Part Grant. Defs.' Mot. Summ J. Part Deny. Defs.' Mot. Summ. J. Part, ECF No. 42. The order did not address Iowa Code § 123.176(9) because Buckel did not

move for summary judgment on this section and did not address whether it conceded arguments relating to it. *Id.* at 4. Buckel later filed a notice with the Court stating it was not pursuing the claim that Iowa Code § 123.176(9) is unconstitutional. ECF No. 43. The Court interpreted this as a motion to dismiss and granted the motion. Order Grant. Mot. Dismiss, ECF No. 48. Buckel now seeks attorneys' fees and expenses. ECF No. 45.

## II. DISCUSSION

Generally, parties are responsible for their own attorney's fees under the "American Rule." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 602 (2001). Title 42 U.S.C. § 1988(b), however, provides in civil-rights actions, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." "A 'prevailing party' is one that obtains a judicially sanctioned, material alteration of the legal relationship of the parties." *Coates v. Powell*, 639 F.3d 471, 474 (2011). It is the party, rather than the attorney, who is eligible for these fees. *Venegas v. Mitchell*, 495 U.S. 82, 87 (1990). Section 1988 does not define "a reasonable attorney's fee." As such, courts have adopted the "lodestar approach" which "is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party seeking the award must provide evidence supporting the hours worked and rate claimed. *Hensley*, 461 U.S. at 433. "Attorney's fees are within the broad discretion of the district court and will not be reversed absent an abuse of discretion." *Brewington v. Keener*, 902 F.3d 796, 804 (8th Cir. 2018) (citation omitted).

Here, Buckel is the prevailing party because the Court granted a portion of its motion for summary judgment concerning Iowa Code § 123.173(2). *See* ECF No. 42. The prior order changed the legal relationship between Buckel and Defendants. *Cf. Coates*, 639 F.3d at 474. Buckel initially requested $124,540 in attorneys' fees for 191.6 hours at a rate of $650 per hour. Pl.'s Br. Supp.

2

Mot. Att'ys' Fees and Exp. 1, 3, ECF No. 45-1. Buckel also seeks $609.13 in expenses. *Id.* at 1. Defendants argue Buckel is not entitled to recover fees related to work performed before its introduction to the case on December 1, 2023. ECF No. 46 at 2–5. Defendants contend the Court should reduce the attorney fee award by 43.125 hours—the amount billed before December 1, 2023. *Id.* at 5. Defendants further argue the Court should reduce the hourly rate to $400 so it aligns with the market rate in Des Moines, Iowa. *Id.* at 6–10. Buckel partially agrees with Defendants, but asserts its hours should only be reduced by 12.4 hours, which is the time they "devoted solely" to Pheasant Court. Pl.'s Reply Supp. Mot. Att'ys' Fees and Exp. 1, ECF No. 49. Buckel further argues its requested $650 hourly rate is reasonable. *Id.* at 2–3.

### A. Reasonable Hours Expended

Buckel initially requested the Court award it for 191.6 hours of work performed by Attorneys Epstein and Tanford. ECF No. 45. This number does not include duplicative hours,[1] time spent solely on abandoned claims, and recorded time Buckel felt was excessive. *See* Tanford Decl., ECF No. 45-2 ¶¶ 5–6, 18.

Based on the parties' current representations, past filings, and the Court's experience with similar litigation, the Court finds 191.6 hours to be excessive. As admitted by Buckel, some of the recorded time (12.4 hours) was dedicated to work for the former plaintiff Pheasant Court—not Buckel. ECF No. 49 at 1. Other portions of the timesheets reflect time not related to Buckel's successful litigation. For example, entries show time spent reading the Court's order granting in part Buckel's motion for summary judgment, speaking with the press, and searching for other plaintiffs. *See* Tanford Time Sheet Supp. Decl., ECF No. 45-2 at 7–8; Epstein Time Sheet Supp.

---

[1] None of the requested award includes time spent by Attorney Thomas J. Duff because of its duplicative nature with work performed by Attorneys Epstein and Tanford. *See* Tanford Decl. Supp. Mot. Att'ys' Fees and Exp. ¶ 3(c), ECF No. 45-2.

3

Decl. Supp. Mot. Att'ys' Fees and Exp., ECF No. 45-3 at 5–10. These acts do not pertain to the success of the litigation. *Cf. Hensley*, 461 U.S. at 433–34. To hold otherwise would result in the Court rewarding the attorneys and not the plaintiff. *Cf. Venegas*, 495 U.S. at 87. As such, the Court reduces Buckel's requested number by 26.75 hours. This brings the total amount to 164.85 hours.

In light of the record, the Court finds this amount to be a reasonable number of hours.

B. **Reasonable Hourly Rate**

Generally, a reasonable hourly rate is "the ordinary rate for similar work in the community where the case has been litigated." *Fish*, 295 F.3d at 851. In making this determination, "district courts may rely on their own experience and knowledge of prevailing market rates." *Brewington*, 902 F.3d at 805. The hourly rates may be based on a national market where the litigation involves a "specialized legal field" such that the higher rate is necessary to "attract experienced counsel." *Little Rock Sch. Dist. v. Arkansas*, 674 F.3d 990, 997 (8th Cir. 2012). The plaintiff, however, must "show[ ] that, in spite of his diligent efforts, he was unable to find local counsel able and willing to take the case." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001).

Buckel argues Attorneys Epstein's and Tanford's work in this matter is appropriately set at $650 per hour. ECF No. 45 at 2–3. Buckel asserts the appropriate legal market is the national market given Attorneys Epstein's and Tanford's specialization in the constitutionality of interstate laws restricting interstate distribution of wine, their general years of experience, and the alleged lack of similarly experienced attorneys locally. *See* Tanford Decl., ECF No. 45-2 ¶¶ 7–12, 14; Epstein Decl., ECF No. 45-3 ¶¶ 2–8; O'Leary Decl. Supp. Mot. Att'ys' Fees and Exp. ¶¶ 5–7, ECF No. 45-5. Defendants argue the hourly rate should be based on the Des Moines, Iowa legal market, which Defendants state is closer to $400 per hour. ECF No. 46 at 6–10. Defendants further assert Buckel has not sufficiently shown there were no similarly experienced attorneys in Des Moines incapable of representing Buckel. *Id.* at 7–9.

4

The Court finds the relevant legal market is Des Moines, Iowa—where the case was litigated—as opposed to the national legal market. Buckel makes brief anecdotal statements pertaining to its search for local counsel. *See* Tanford Decl., ECF No. 45-2 ¶ 9 ("To the best of my knowledge, we are the only firm in the country for whom this is a practice-area specialty."); Epstein Decl., ECF No. 45-3 ¶ 5 ("In connection with filing this case, I looked for local counsel in the Des Moines area with expertise in constitutional issues associated with interstate alcohol sales, but found none."); Duff Decl. Supp. Mot. Att'ys' Fees and Exp. ¶ 8, ECF No. 45-4 ("I am not aware of any attorneys in the Des Moines metro area or the entire state of Iowa that possess this specialized knowledge or who have challenged any of the statutes regulating the sale of distribution of alcohol within this state."). Attorneys in the Des Moines legal market, however, have challenged Iowa's alcohol laws and have brought other constitutional challenges. *See e.g.*, *New Midwest Rentals, LLC v. Iowa Dep't of Com., Alcoholic Beverages Div.*, 910 N.W.2d 643 (Iowa Ct. App. 2018) (challenging portions of Iowa's alcohol laws); *Animal Legal Def. Fund v. Reynolds*, 630 F. Supp. 3d 1105, 1109 (S.D. Iowa 2022), *aff'd in part, vacated in part, remanded*, 89 F.4th 1071 (8th Cir. 2024) (challenging a portion of the Iowa Code as violating the plaintiffs' First Amendment rights). As such, the Court finds Buckel has not met its burden in establishing the national market as the relevant legal market to determine reasonable attorneys' fees. *Cf. Hensley*, 461 U.S. at 437.

The Court further finds a reasonable attorneys' fee in Des Moines for similarly experienced attorneys is $500 per hour. *See e.g.*, *Animal Legal Def. Fund v. Reynolds*, 385 F. Supp. 3d 840, 845–47 (S.D. Iowa 2019) (finding an hourly rate between $475–$500 for lead counsel in First Amendment litigation within Des Moines, Iowa as reasonable); *Grain Processing Corp. v. Virgin Scent, Inc.*, No. 3:21-CV-00019-RGE-SBJ, 2022 WL 19000603, at *2 (S.D. Iowa Dec. 5, 2022) (finding an hourly rate between $445–$485 for lead counsel in a complex contractual dispute

5

within central Iowa as reasonable). Further, Attorneys Epstein and Tanford sought $500 per hour at the trial level for their work in a similar dormant Commerce Clause challenge brought in the United States District Court for the Middle District of Florida—a legal market with higher average hourly rates for attorneys. *See* Am. Mot. Att'y Fees 1, *Bainbridge v. Whisenhunt*, No. 8:99-cv-02681-JDW-AEP (M.D. Fla. 2023), ECF No. 224. Accordingly, the Court finds $500 per hour a reasonable hourly rate in the Des Moines legal market for Attorneys Epstein and Tanford based on their experience and knowledge.

The Court awards $82,425 of attorneys' fees to Buckel for 164.85 hours at a rate of $500 per hour. The Court further awards $609.13 in expenses to Buckel.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff Buckel Family Wine LLC's Motion for Attorneys' Fees and Expenses, ECF No. 45, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants Mary Mosiman, Stephen Larson, Brenna Bird, and Stephan K. Bayens shall remit expenses to Plaintiff Buckel Family Wine LLC in the amount of $609.13 within twenty-one days of the filing of this order.

**IT IS FURTHER ORDERED** that Defendants Mary Mosiman, Stephen Larson, Brenna Bird, and Stephan K. Bayens shall remit attorneys' fees to Plaintiff Buckel Family Wine LLC in the amount of $82,425 within twenty-one days of the filing of this order.

**IT IS SO ORDERED.**

Dated this 11th day of December, 2024.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE